UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:13-CR-053 |
| | ) | |
| JOSHUA CHRISTOPHER TAYLOR | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 124]. The defendant asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or "sentencing guidelines") and *Hughes v. United States*, 138 S. Ct. 1765 (2018). The prosecution has responded in opposition to the motion. [Doc. 126].

**I.    Background**

By judgment dated November 26, 2013, this Court sentenced the defendant to 108 months' imprisonment as to each of Counts One (conspiracy to manufacture methamphetamine) and Six (endangering human life while illegally manufacturing or attempting to manufacture methamphetamine), to be served concurrently for a net sentence of 108 months. The defendant's advisory guideline range was 168 to 210 months, based on a total offense level of 32 and a criminal history category of IV. The Court nonetheless accepted the parties' Rule 11(c)(1)(C) plea agreement and imposed the 108-month sentence agreed upon therein.

## II. Analysis

Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

In *Hughes*, the Supreme Court held that a defendant may be eligible for § 3582(c)(2) relief even if he was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, so long as the defendant's guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775-76. Stated differently, a defendant who was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement "will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the guidelines." *Id.* at 1776.

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In the present case, a sentence reduction under § 3582(c) would not be consistent with the Sentencing Commission's applicable policy statements.

Guideline 1B1.10 is a policy statement of the Sentencing Commission. It explains in relevant part that a court shall not reduce a defendant's term of imprisonment pursuant to § 3582(c)(2) to a term that is less than the bottom of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A) (2018). The only exception is if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). The United States did not file a substantial assistance motion as to this defendant.

Applying Amendment 782 in this case, the defendant's new advisory guideline range is 135 to 168 months, based on a total offense level of 30 and a criminal history category of IV. Because the defendant's existing sentence of 108 months is less than the lowest sentence (135 months) permitted by Amendment 782, he is not entitled to further relief. *See* 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A). Amendment 782 <u>does not</u> lower the present defendant's sentence.

### III. Conclusion

Under *Hughes*, the defendant is theoretically eligible for § 3583(c)(2) relief. However, the lowest sentence authorized by § 3582(c)(2) is 135 months. The defendant's current 108-month sentence is already lower than that. For these reasons, his *pro se* motion for sentence reduction [doc. 124] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge